QUESTION: May the members of the Parole and Probation Commission elect a member to serve as vice-chairman of the commission?
SUMMARY: Pursuant to the authority granted it by ss. 947.06 and947.07, F. S., and governing rules of parliamentary law, the Parole and Probation Commission may provide, by properly adopted rule of internal organization and procedure for the conduct of its affairs of business, for the designation of a member of the commission as vicechairman of the commission to act as chairman in the absence or incapacity of the chairman, including the exercise of the duty of calling meetings of the commission. The commission may likewise by rule provide for the method of selection, term of office, and duties of the vicechairman. The existence, powers, duties, and general organization of the Parole and Probation Commission are provided by Ch. 947, F. S. As to the internal organization of the commission, s. 947.04(1) provides: As soon as practicable after their appointment, the members of the commission shall meet and select from their number a chairman who shall serve for a period of 2 years and until his successor is elected and qualified, and they shall likewise select from their number a secretary who shall serve for a period of 2 years and until his successor is elected and qualified. (Emphasis supplied.) Other than the above section requiring a chairman and secretary of the commission, there is no statutory provision requiring or specifically authorizing the creation of any other office — such as vice-chairman — of the commission. However, s. 947.06, F. S., empowers the commission to meet "from time to time as may otherwise [than at the call of the chairman] be determined by the commission." And s. 947.07, F. S., grants to the commission the following authority: The commission shall have power to make such rules and regulations as it deems best for its governance including among other things rules of practice and procedure and rules prescribing qualifications to be possessed by its employees. (Emphasis supplied.) This broad grant of rule-making power to the commission is not limited with respect to the commission's power to meet at such times as it may determine or to organize itself for the performance of its statutory functions, other than by s.947.06, which requires the commission to meet at the call of the chairman, and s. 947.04, which provides that there shall be a chairman and secretary. In AGO 074-6, I considered the power of a municipal housing authority to establish its own procedural and organizational rules, including the selection of its officers. It was stated in that opinion: When not otherwise prescribed by statute, a public body corporate and politic or other deliberative body may adopt its own regulations and rules of procedure and, in the absence thereof, the general parliamentary rules of law prevail. See 62 C.J.S., Municipal Corporations, s. 400; 67 C.J.S., Parliamentary Law, Section 3. Accord: Witherspoon v. State,103 So. 134 (Miss. 1925); Crawford v. Gilchrist, 59 So. 963 (Fla. 1912). When lawful authority therefor exists, an administrative agency may adopt its own mode or form of organization. See 73 C.J.S., Public Administrative Bodies and Procedure, s. 19; State v. State Board of Administration, 25 So.2d 880 (Fla. 1946). See also 62 C.J.S., Municipal Corporations, s. 389. The only statutory limitations imposed upon the Parole and Probation Commission with respect to officers of the commission and its meetings are that there shall be a chairman and secretary and that the commission shall meet at the call of the chairman. Therefore, I am of the opinion that the commission may provide, by a properly adopted rule of internal organization and procedure for the conduct of its business, for the designation of one of the commission members as vice-chairman of the commission to act as chairman in the absence of the chairman or during periods of incapacity of the chairman to act as such, including exercise of the duty of calling of meetings of the commission. And the commission may provide by rule for the method of selection, term of office, and duties of the vice-chairman. The vice-chairman may be given ministerial functions relating to the commission's own governance and the conduct of its affairs or business and could be assigned any statutory duty of the commission other than those duties which may be required by statute to be performed only by the commission as a whole or only by some other officer of the commission.